[Cite as *In re E.T.R.*, 2013-Ohio-1553.]

.

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98742**

## IN RE: E.T.R.
## A Minor Child

## [APPEAL BY L.R., ET AL.]

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. PR 91772605

**BEFORE:** Boyle, J., Stewart, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** April 18, 2013

**ATTORNEY FOR APPELLANTS**

Jill R. Heck
3818 Weymouth Woods Drive
Medina, Ohio   44256


**ATTORNEYS FOR APPELLEES**

**For C.J.F.S., f.k.a. C.S.E.A.**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Joseph C. Young
Assistant Prosecuting Attorney
C.J.F.S.
P.O. Box 93894
Cleveland, Ohio   44101-5984

**For Father**

Nancy A. Zoller
Gurney, Miller & Mamone
75 Public Square
Suite 1100
Cleveland, Ohio   44113

**For Mother**

Gina Reddish, pro se
4380 Oberlin Avenue
Apt. 108
Lorain, Ohio   44053

MARY J. BOYLE, J.:

**{¶1}** Maternal grandparents,[1] L.R. and R.R. ("grandparents"), appeal from the trial court's judgment dismissing their motions to join as third-party defendants, for a restraining order, for "reimbursement of reasonable necessities," and for child support. They raise three assignments of error for our review:

> 1. The trial court erred when it dismissed appellant's motion for reimbursement of necessities, motion for child support, motion to join third party defendants, and motion for restraining order.
>
> 2. The trial court erred when it issued judgment without any reference to the objections to the magistrate's decision by appellants that was the basis for the judgment entry.
>
> 3. The trial court abused its discretion by dismissing appellant's motion for reimbursement of necessities, motion for child support, motion to join third party defendants, and motion for restraining order.

**{¶2}** The record is clear that the trial court failed to rule on the grandparents' objections. Therefore, there is no final appealable order in this case. But we note that upon remand, the trial court should take notice of the grandparents' objections and not hastily overrule them, because it is our view that the magistrate's recommendation to dismiss the grandparents' motions was improper.

---

[1] In their brief, they state that they are the paternal grandparents, but based on the following, we think that is a clerical error. CSEA states that they are the maternal grandparents. Mother has the same surname as the grandparents; father's surname is different. Thus, we presume that they are maternal grandparents, not paternal.

<u>Procedural History and Factual Background</u>

**{¶3}**   E.T.R. was born on February 24, 1990.[2]  In 1994, G.R. ("mother") filed a complaint to establish a parent-child relationship between her son, E.T.R., and D.M. ("father").  Mother's complaint was assigned Cuyahoga C.P.  No. PR 91772605. After paternity was established, the court granted custody to mother and ordered father to pay $35 per week in child support.

**{¶4}**   In late November 1997, the grandparents filed for custody of E.T.R. within the same case, Case No. PR 91772605.  At a pretrial hearing in October 1998, the magistrate granted father's "motion to add [the Cuyahoga County Child Support Enforcement Agency ("CSEA")] as a party," and further ordered CSEA "to hold and not disburse any monies received from the defendant as and for current child support until further order."  The magistrate further made a finding after another pretrial held in December 1998 that "per last order of the court the mother is the legal custodian.  The child is residing with the maternal grandparents.   The father is requesting custody."

**{¶5}**   According to CSEA, after the December 1998 pretrial, the "case was set for hearing and continued approximately twenty-two times."  CSEA continued to collect child support payments from father throughout this time, but did not disburse them due to the "hold" order issued by the juvenile court in October 1998.  Mother was not present for the December 1998 hearing.

---

[2]We take this fact from the grandparents' brief.

**{¶6}** CSEA states that the final hearing in the grandparents' custody case was not until October 19, 2004 — nearly six years later. Mother was not present at this hearing, but apparently the remaining parties entered into an agreed judgment entry, which was journalized on November 2, 2004, where the grandparents were finally awarded legal custody of E.T.R. As part of that agreed judgment entry, the court found that "no other issue involving allocation of parental rights and responsibilities has been journalized regarding the child."

**{¶7}** Glaringly missing from the November 11, 2004 agreed judgment entry granting the grandparents' legal custody was any reference whatsoever to child support. Nor was there any mention as to the fact that CSEA had previously been ordered to hold all child support collected "until further order." When CSEA received the journal entry indicating that legal custody of the child had changed, CSEA terminated father's child support obligation, effective November 2, 2004. Despite this, CSEA continued to collect payments from father from November 3, 2004 until May 7, 2008, due to arrears father owed mother from child support not paid prior to November 2, 2004. CSEA states that it collected arrears from father until May 7, 2008 and asserts that E.T.R. reached the age of majority on February 25, 2008.

**{¶8}** Inexplicably, and in contravention to Ohio law and public policy, the juvenile court did not order mother and father to pay child support to the grandparents when it awarded them legal custody of E.T.R. The grandparents, therefore, had physical possession of their grandson since 1998 without any support or assistance from the

parents up through the time they received legal custody of him, and continuing until he was emancipated.

{¶9} The motion that led to the present appeal, a "Motion to Release Monies on Hold and for Clarification as to Disbursement," was commenced by CSEA in May 2009.[3] In its motion, CSEA explained that its position was that the "monies on hold represent support that was due and owing to the mother up to" the date of the agreed judgment entry, November 11, 2004, "as well as arrears that were owed to the Department of Human Services and to CSEA for administrative fees." CSEA further asserted in its motion that "having only the court's journal entries to go by, CSEA has no legal basis for finding that any of the funds on hold should be disbursed to the maternal grandparents" — despite the fact, which CSEA acknowledged, that it was the grandparents, not the mother, who had physical possession of E.T.R. since at least the end of 1998. CSEA therefore requested that the court release the monies on hold and clarify how the monies should be disbursed.

{¶10} In April 2010, the grandparents moved to join in CSEA's motion as third-party defendants, contending that they were necessary parties. They further moved for a restraining order to prevent CSEA from releasing any monies until further order of the court and for "reimbursement of reasonable necessities" for the time period they had physical possession of E.T.R., which was November 1998, until the date they obtained

---

[3]The record on appeal actually begins with this motion. Therefore, the facts recited herein that occurred prior to the filing of CSEA's motion in May 2009, come from the various pleadings filed in the case since that time.

legal custody of him in November 2004, and for child support from that time until E.T.R. reached the age of majority.

**{¶11}** The matter was heard before a magistrate (Charles Wochna) in August 2010. All parties except mother were present. The magistrate found that the grandparents were necessary parties and ordered that they be joined in the case. The magistrate continued the matter for further hearing and ordered that CSEA prepare a certified calculation to assist the court in determining the child support issue.

**{¶12}** On May 23, 2012, a different magistrate (Howard Dunn) held a hearing on the matter. All parties and counsel were present, except for mother. At the hearing, the magistrate indicated that the grandparents should have filed a new case seeking child support. The grandparents' attorney stated that she could file their motion in a new case, but that the monies that were on hold at CSEA should not go to mother. The magistrate agreed, stating that he would not grant the state's motion to release the monies until the grandparents raised their issues in a new case. CSEA argued that "the custody issues that are being argued are not relevant to the money that's on hold right now." CSEA maintained that the money should go to mother, as the obligee, pursuant to valid child support orders that were in place prior to the grandparents getting custody in late 2004.

**{¶13}** Strangely, on May 31, 2012, before Magistrate Dunn's decision on the May 23 hearing was journalized, a third magistrate (John Menzies) incorrectly issued a "journal entry" denying the grandparents' motions without a hearing.[4] Magistrate

---

[4]Under Juv.R. 40(D)(2)(a)(i), magistrates may enter orders "without judicial approval if

Menzies stated that service on the grandparents' motions had not been perfected on all parties (i.e., mother), and that the court did not have jurisdiction to address the grandparents' pending motions because they were filed more than two years after the child attained the age of majority. The grandparents filed a motion to set aside Magistrate Menzies's May 31, 2012 journal entry and requested a hearing.

{¶14} On June 12, 2012, Magistrate Dunn's decision from the May 23, 2012 hearing was journalized. Magistrate Dunn seemed to be unaware of Magistrate Menzies's improper order. Magistrate Dunn found that the court had previously issued a child support order in the case (presumably when father was ordered to pay mother $35 per week in 1994). He further found that "there does not exist good cause to grant the relief sought" by the grandparents because the grandparents were seeking to establish a new support order, which should have been filed as a new case and assigned to "an establishment magistrate." The magistrate then dismissed the grandparents' motion without prejudice.

{¶15} On June 26, 2012, the grandparents objected to Magistrate Dunn's June 12, 2012 decision, claiming that they were granted custody of E.T.R. in the same case number in which they filed their motions. They further argued that "it would be patently unfair to distribute child support money to" mother when they had provided maintenance and support for E.T.R. from October 1998 until he reached the age of majority. The

---

necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." Magistrate Menzies's journal entry improperly attempted to dispose of the grandparents' motions.

grandparents also maintained that pursuant to R.C. 3119.07(C), the trial court was required to issue a child support order when it granted them legal custody in November 2004, requiring mother and father to pay child support for E.T.R., because they were a "third party" who had legal custody of the parents' child.

{¶16} On June 29, 2012, the trial court affirmed, approved, and adopted Magistrate Dunn's June 12, 2012 decision. The court dismissed the grandparents' motions without prejudice for the same reasons set forth by Magistrate Dunn.

{¶17} Although the trial court never adopted, approved, and entered judgment on Magistrate's Menzies's May 31, 2012 decision, it denied the grandparents' motion to set aside this decision. But the trial court did not overrule the grandparents' objections to Magistrate Dunn's June 12, 2012 decision. It is from this judgment that the grandparents appeal.

Jurisdiction

{¶18} The grandparents challenge the trial court's judgment that adopted, approved, and entered judgment on a magistrate's decision. The trial court did so, however, without ruling on the grandparents' objections to the magistrate's decision. The grandparents contend that there is no indication that the trial court considered their objections to the magistrate's June 12, 2012 decision. Indeed, the record is clear that the trial court failed to mention, let alone overrule, the grandparents' objections. In response to the grandparents' appeal, CSEA points out that because the trial court did not explicitly

overrule the grandparents objections, this court lacks jurisdiction, because there is no final appealable order in the case. We agree.

{¶19} This case originated in the juvenile court, and thus, Juv.R. 40(D) is applicable.[5] Juv.R. 40(D)(4)(d) provides in relevant part:

> If one or more objections to a magistrate's decision are timely filed, the court *shall* rule on those objections. In ruling on objections, the court shall undertake *an independent review* as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

(Emphasis added.)

{¶20} The "independent review" requires the trial court to "conduct a de novo review of the facts and an independent analysis of the issues to reach its own conclusions about the issues in the case." *Radford v. Radford*, 8th Dist. Nos. 96267 and 96445, 2011-Ohio-6263, ¶ 13.

{¶21} Courts have literally interpreted the language in Juv.R. 40(D), stating that the trial court "shall rule on" a party's objections, to mean that if a trial court does not explicitly rule on the objections, then appellate courts do not have jurisdiction to address the appeal because there is no final appealable order in the case. *See U.S. Bank Natl. Assoc. v. Heller*, 8th Dist. No. 95966, 2011-Ohio-4410; *In re J.V.*, 10th Dist. No.

---

[5]Civ.R. 53(D) and Juv.R. 40(D) are analogous. *See In re A.W.C.*, 4th Dist. No. 09CA31, 2010-Ohio-3625, ¶ 18 (finding Juv.R. 40[D] to be analogous to those of Civ.R. 53[D]); *In re T.S.*, 9th Dist. No. 11CA0033-M, 2012-Ohio-858, ¶ 8. It is therefore appropriate to rely on case law examining Juv.R. 40(D) and similar provisions of Civ.R. 53(D).

04AP-621, 2005-Ohio-4925; *Ludwick v. Ludwick*, 12th Dist. No. CA2002-08-017, 2003-Ohio-2925; *In re Talbert*, 5th Dist. No. CT2008-0031, 2009-Ohio-4237; *Chan v. Total Abatement Specialist & Remodelers*, 1st Dist. No. C-070275, 2008-Ohio-1439; and *In re F.D.M.*, 2d Dist. No. 23021, 2009-Ohio-5609 (some of these cases address the analogous rule set forth in Civ.R. 53(D)).

{¶22} Thus, this court lacks jurisdiction to address the grandparents' issues. But as we indicated previously, upon remand, the trial court should take notice of the grandparents' motions. Under R.C. 3119.07(C), the trial court should have issued a child support order when it awarded the grandparents custody in 2004.

{¶23} R.C. 3119.07(C) provides:

If neither parent of a child who is the subject of a child support order is the residential parent and legal custodian of the child and the child resides with a third party who is the legal custodian of the child, the court shall issue a child support order requiring each parent to pay that parent's child support obligation pursuant to the child support order.

{¶24} Thus, according to Ohio law, the juvenile court has an obligation to issue a child support order requiring each parent to pay child support when a third party is raising their child. This requirement is mandatory. Thus, the juvenile court clearly erred when it granted legal custody of E.T.R. to the grandparents without issuing a contemporaneous child support order requiring each parent to pay child support for E.T.R.

{¶25} Because the juvenile court should have issued a child support order requiring E.T.R.'s parents to pay child support to the grandparents when they awarded legal custody to the grandparents, the juvenile court erred when it dismissed the

grandparents' motions. The grandparents properly filed their motions within the case number in which they were awarded legal custody. Further, at issue in part was child support monies that had been on hold in that same case number — that even the magistrate seemed to agree at the hearing should go to the grandparents.

{¶26} For the reasons stated above, this appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


MARY J. BOYLE, JUDGE

MELODY J. STEWART, A.J., and
TIM McCORMACK, J., CONCUR