[Cite as *In re E.B.*, 2014-Ohio-2276.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100505

## IN RE: E.B., JR.

## A Minor Child

[Appeal By Cuyahoga Support Enforcement Agency]

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 08128628

**BEFORE:** S. Gallagher, P.J., Kilbane, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** May 29, 2014

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Joseph C. Young
Assistant Prosecuting Attorney
P.O. Box 93894
Cleveland, Ohio    44101


**FOR APPELLEE**

**For C.G., pro se**

C.G.
5977 Bearcreek Drive., #301
Bedford Heights, Ohio   44146

**For K.D., pro se**

K.D.
3243 Dellwood Road
Cleveland Heights, Ohio   44118

SEAN C. GALLAGHER, P.J.:

**{¶1}** Pursuant to App.R. 11.1 and Loc.R. 11.1, this cause came to be heard upon the accelerated calendar. Appellant, Cuyahoga Support Enforcement Agency ("CSEA"), appeals the trial court's order denying a motion to establish support for the minor child, E.B., Jr. ("E.B."), against his mother. For the following reasons, we reverse the decision of the trial court and remand for further proceedings.

**{¶2}** It is important to note that the current case originated as a delinquency action against E.B. During that case, the trial court determined E.B. delinquent, granted legal custody to a nonparent, and established a support order between the father and the nonparent custodian. On January 6, 2011, CSEA filed a motion to establish support from E.B.'s mother. On July 21, 2011, five days before E.B.'s 18th birthday, service of that motion was perfected. On November 14, 2012, the trial court denied CSEA's motion, stating that E.B. reached the age of majority and that the juvenile court lacked subject matter jurisdiction to order support.

**{¶3}** It is from this decision that CSEA now appeals, raising in its sole assignment of error that the trial court erred by dismissing the motion for support on jurisdictional grounds. CSEA's arguments have merit.

**{¶4}** Generally, support cannot be established in the first instance in a "post-majority" filing. *Carnes v. Kemp*, 104 Ohio St.3d 629, 2004-Ohio-7107, 821 N.E.2d 180, ¶ 10, citing *Park v. Ambrose*, 85 Ohio App.3d 179, 183, 619 N.E.2d 469 (4th

Dist.1993), fn. 1. Further, a parent's obligation to support the minor generally terminates on the child's 18th birthday. *Id.* at ¶ 13 (finding a statutory exception circumvents this general principle because the legislature extended the juvenile court's jurisdiction to resolve parentage actions beyond the child's 18th birthday). There is no dispute that the motion for support was filed prior to E.B.'s 18th birthday. The trial court determined, relying on *In re: J.V.*, 189 Ohio App.3d 287, 2010-Ohio-4017, 821 N.E.2d 180 (8th Dist.), and *Kemp*, that E.B.'s attaining the age of 18 divested the court of jurisdiction to review CSEA's motion. Neither case, however, is applicable. Neither case dealt with the juvenile court's jurisdiction over a case originating as a delinquency action.

{¶5} In a delinquency action, the juvenile court has jurisdiction over any person adjudicated a delinquent child until that person attains 21 years of age. R.C. 2152.02(C)(6). Further, "for the purposes of that jurisdiction related to that adjudication, * * * a person adjudicated a delinquent child or juvenile traffic offender shall be deemed a 'child' until the person attains twenty-one years of age." *Id.* Therefore, the legislature has extended the jurisdiction of the juvenile court beyond a delinquent child's 18th birthday.

{¶6} In this case, the trial court determined that E.B. was a delinquent child, and pursuant to that determination, the court committed E.B. to the custody of a nonparent pursuant to R.C. 2152.19(A)(1). As part of that disposition, R.C. 2151.36 provides that

> when a *child* has been committed as provided by * * * Chapter 2152. of the Revised Code, the juvenile court shall issue an order * * * requiring that the parent, guardian, or person charged with the *child's* support pay for the care, support, maintenance, and education of the *child*.

(Emphasis added.) The definition of "child" is extended for support purposes until the person attains the age of 21 in specific, statutorily mandated situations. *In re: Hinko*, 84 Ohio App.3d 89, 93, 616 N.E.2d 515 (8th Dist.1992).

{¶7} In *Hinko*, this court held that parents were obligated to pay support for the "care, maintenance, and education of the child" beyond the minor's 18th birthday when that child was committed to a nonparent's custody as a result of an adjudication of delinquency. *Id.* In reaching this conclusion, this court held that by defining a child to include a person adjudicated a delinquent up to that person's 21st birthday, the legislature necessarily extended the support obligation pursuant to R.C. 2151.36 beyond the common-law rule — that the duty of a parent to support a child ends when the child reaches the age of majority. *Id.*[1]

{¶8} We have a similar situation. On February 25, 2009, E.B. was adjudicated a delinquent child and, as part of that disposition pursuant to R.C. Chapter 2152, committed to the custody of a nonparent. In turn, R.C. 2151.36 set forth the parents' obligation to pay "for the care, support, maintenance, and education of the child." R.C. 2152.02(C)(6) specifically defines E.B. as a "child" until he attains the age of 21. Pursuant to R.C. 2151.36, in conjunction with R.C. 2152.02(C)(6), the juvenile court had jurisdiction to

[1]This decision is not in conflict with the recent decision of this court in *In re: W.W.*, 8th Dist. Cuyahoga No. 98784, 2013-Ohio-827. In *W.W.*, because of a complaint of neglect, the child was committed to the custody of nonparents through R.C. 2151.353, which provides that the juvenile court loses jurisdiction over the child upon the child's reaching the age of 18. R.C. 2151.353(E)(1). The specific statutory provisions redefining "child" to include 18- to 21-year-olds for the purposes of a delinquency action did not apply.

determine support issues beyond E.B.'s 18th birthday. On November 14, 2012, when it dismissed CSEA's motion, therefore, the juvenile court had jurisdiction over the support matter. For this reason, the trial court erred in dismissing the claims on jurisdictional grounds. For the purposes of determining the juvenile court's jurisdiction, pursuant to R.C. 2152.02(C)(6), E.B. is considered a "child" until he attains the age of 21.[2]

{¶9} CSEA's sole assignment of error is sustained.

{¶10} The decision of the court is reversed, and the case is remanded to the lower court for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

[2]Our decision does not address whether the child's reaching the age of 18 or 21 divests the juvenile court of jurisdiction over timely filed motions or the failure of the trial court to issue statutorily mandated support orders. *See, e.g., In re: Hollaender*, 12th Dist. Warren No. CA99-08-092, 2000 Ohio App. LEXIS 2649 (June 19, 2000) (the fact the minor reached the age of majority did not divest the juvenile court of jurisdiction over motions filed while the court had jurisdiction over the child); *In re E.T.R.*, 8th Dist. Cuyahoga No. 98742, 2013-Ohio-1553 ("the juvenile court has an obligation to issue a child support order requiring each parent to pay child support when a third party is raising their child"). That issue is beyond the scope of the current appeal in light of the fact that the juvenile court had jurisdiction over E.B.'s support beyond his 18th birthday.

SEAN C. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
MELODY J. STEWART, J., CONCUR