[Cite as *In re G.J.A.* , 2018-Ohio-2838.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106132

---

**IN RE: G.J.A.**
**A Minor Child**

[Appeal by D.A., Mother]

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU 03105235

**BEFORE:** Kilbane, J., E.A. Gallagher, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** July 19, 2018

**ATTORNEY FOR APPELLANT**

Leslie A. Weiss
Halberg & Associates Co., L.P.A.
198 East Aurora Road
Northfield, Ohio 44067


**ATTORNEYS FOR APPELLEE**

Stephen E. S. Daray
905 Canterbury Road - Suite E
Westlake, Ohio 44145


**GUARDIAN AD LITEM**

Thomas Kozel
P.O. Box 534
North Olmsted, Ohio 44070

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant D.A. ("Mother"), appeals from the juvenile court's order adopting the magistrate's decision granting plaintiff-appellee P.B.'s ("Father") motion for a purge order related to Mother's nearly three-year-old contempt of the parties' shared parenting plan.[1] For the reasons set forth below, we affirm.

{¶2} In December 2009, the juvenile court approved a shared parenting plan and designated both Mother and Father as residential parents of G.J.A., a minor. The juvenile court ordered Mother and Father to adhere to the parenting time schedule outlined in the parties' shared parenting plan.

{¶3} In January 2014, the juvenile court issued an order finding Mother in contempt of court for violating the parties' shared parenting plan by "repeatedly and continuously withholding court ordered parenting time between Father and [G.J.A.,] without just cause, that resulted in [Father's] loss of approximately 69 days of parenting time." The juvenile court sentenced Mother to seven days in county jail and ordered her to pay a $500 fine. The court suspended this sentence, and further ordered Mother to purge her contempt. Specifically, the court ordered that

> Mother * * * shall follow the court's orders regarding the shared parenting plan[,] shall follow the orders made in this decision which specify a transition schedule for parenting time between [Father and G.J.A., and] shall follow the schedule for making up missed visitation * * * [of] 69 days.

{¶4} The contempt order further explained "[i]f, at the six month review, [Mother] has purged her contempt[,] the sentence will be dismissed. If, at the sixth month review [Mother] has not purged her contempt[,] the sentence, both the jail time and fine, will be executed into effect." The juvenile court ordered the parties to each file a proposed makeup schedule before

---

[1] At the time Father filed his motion for a purge order in November 2016, the contempt finding was nearly three years old. As of the date of release of this opinion, the contempt finding is four and one-half years old.

the next attorney conference scheduled at the end of January 2014.

{¶5}   The record demonstrates that the January 2014 attorney conference was not held. The record reflects that, at that time, the juvenile court had not yet ruled upon Mother's objections to the magistrate's December 2013 decision underlying the January 2014 contempt order.

{¶6}   In September 2014, Father moved to dismiss Mother's objections to the December 2013 magistrate's decision for want of prosecution.  Father argued that Mother had failed to order a transcript of the proceedings underlying the magistrate's decision and file supplemental objections, despite her requests for additional time to do so.

{¶7}   The juvenile court granted Father's motion, finding that "[Mother] has failed to timely file the required transcript or support her objections with factual findings by referencing the transcript."   The juvenile court further ordered that "the [January 2014] order that approved and confirmed the [December 2013 magistrate's decision] remains in full force and effect."

{¶8}   In October 2014, the parties both filed proposed purge orders and submitted proposed schedules for makeup visitation.  In March 2015, Father filed his second proposed purge order, arguing he had only received 18 days of makeup time, and that he and Mother disputed the scheduling of 13 days of proposed time.[2]

{¶9}   In May 2015, the magistrate issued an order explaining that

[t]he initial purge order required compliance with the Court order that 69 days missed visitation be made up.

---

[2] In March 2015, a few days before Father filed his second proposed purge order, the parties agreed to modify the shared parenting plan.  The parties agreed that Mother would be the residential parent for school purposes only and provided that the parents would alternately be entitled to choose summer vacation time with G.J.A. each year.

The Court finds that there was no deadline for completing the 69 days as the completion of the missed time would take more than the six months of a purge order. Furthermore, although there was no definition of a missed day, for instance a missed mid-week visit would certainly not be construed as a make up visit of 24 hours, the parties are expected to be reasonable[,] which includes reciprocal compromise and flexibility in negotiation of what a day is and the specific days.

{¶10} The magistrate's order further explained that the court declines to "pick a [proposed] schedule or interpret how many days have been made up to date" as requested by the parties because "[t]he topic is the subject of the future purge review hearing and the Court is reluctant to prematurely involve and entangle itself in a manner that is better suited for resolution by a parenting coordinator."

{¶11} The magistrate stated:

If the parties cannot agree on the thirteen disputed dates or how to schedule future dates then they shall hire a parenting coordinator.
It is therefore ordered that the previous [January 2014] purge order remains in full force and effect. The purge review hearing will be scheduled where it will be Mother's burden to prove compliance with the purge order. If she fails to meet her burden of proof the jail sentence and fine will be executed into effect. If she meets her burden of proof the sentence is dismissed.

{¶12} The magistrate ordered the parties to communicate through "our Family Wizard," or another similar service, starting within 30 days.

{¶13} In November 2016, Father filed a third motion requesting a purge order, arguing he had not "received any [additional] makeup days" since May 2015. He noted that the magistrate's May 2015 order did not detail who would pay for the parenting coordinator or "our Family Wizard." Father argued he should not have to incur a financial obligation to get the court-ordered makeup visitation. He explained that he "'[took] exception' to the fact that the juvenile court had not issued a purge order in the almost two years since the contempt finding."[3]

---

[3] At the time Father filed his third motion requesting a purge order in November 2016, the January 2014

**{¶14}** On December 12, 2016, the magistrate issued a decision granting Father's motion, finding it "well taken and without opposition." The magistrate ordered:

1. As agreed or if no agreement then Father shall have at minimum an additional 69 days more than the current order for the remaining three years of the child's majority.

2. Per month visitation guidelines: As agreed or if no agreement then Father shall have no less than two additional days per month.

3. Per year visitation guidelines: As agreed or if no agreement then Father shall have no less than 23 additional days per year.

4. Any scheduled visitation, including those for weekday evening[s] shall count as one day. There shall be no more than 23 weekday evening visitations for the remainder of the child's majority.

5. The parties shall set the particulars of the monthly make up schedule commensurate with each of their personal schedules considering the child's schedule, activities and greater needs for peer contact than parental contact.

The parties shall have 30 days to submit a proposed schedule consistent with the above conditions.

The parties have leave to document whether any of the 69 days have already been made up.

**{¶15}** On December 27, 2016, Mother filed her objections to the magistrate's decision. That same day, the juvenile court issued an order adopting the magistrate's decision without ruling on Mother's contemporaneously filed objections. Mother filed an appeal of this order. *See In re G.J.A.*, 8th Dist. Cuyahoga No. 105410. This court dismissed the appeal for lack of a final, appealable order. *Id.* We determined that Mother's December 27, 2016 objections were timely because "the courts were closed on Monday, December 26, 2016, for the Christmas holiday." We further determined that because the juvenile court had not ruled on Mother's timely objections, the juvenile court's entry was not a final, appealable order. *Id.*, citing *U.S.*

---

contempt order was over two and one-half years old.

*Bank Natl. Assn. v. Heller*, 8th Dist. Cuyahoga No. 95966, 2011-Ohio-4410; *In re E.T.R.*, 8th Dist. Cuyahoga No. 98742, 2013-Ohio-1553.

**{¶16}** In January 2017, Mother moved the juvenile court to vacate its December 2016 order and to reconsider her objections filed the same date. That same month, the parties filed their proposed makeup visitation schedules in response to the December 2016 order. Father recorded that he had received only 17 makeup days, and argued he was entitled an additional 52 days under the contempt order. On the other hand, Mother listed 32 days that she believed constituted makeup days.

**{¶17}** In July 2017, the juvenile court overruled Mother's objections to the magistrate's December 2016 decision, and Mother filed the instant appeal in August 2017. Mother's original notice of appeal included only the magistrate's December 2016 decision granting Father's motion. In March 2018, Mother amended her notice of appeal to include the juvenile court's July 2017 order overruling Mother's objections and adopting the magistrate's decision.[4]

**{¶18}** It is from this order that Mother appeals, raising the following three assignments of error for review.[5]

<u>Assignment of Error One</u>

The Trial Court erred by not affording [Mother] her 14th [A]mendment right to due process where [Father] failed to perfect proper service upon [Mother] pursuant to the Ohio Rules of Civil Procedure in connection with a motion filed, and the court ruled on said motion by issuing an Order modifying a pre-existing

---

[4] We find the juvenile court's December 2016 and July 2017 orders adopting the magistrate's decision, when read together, constitute a final, appealable order. *In re I.L.J.*, 8th Dist. Cuyahoga No. 104272, 2016-Ohio-7052, ¶ 23.

[5] In her merit brief, Mother raises a fourth assignment of error in which she argues that the juvenile court erred by failing to consider her timely objections to the magistrate's decision, and further erred by adopting the magistrate's ruling on the basis that she did not oppose Father's motion. However, Mother abandons this assigned error in her reply brief.

Purge Order and affecting the companionship in the parties' Shared Parenting Plan.

## Assignment of Error Two

The Trial Court erred by failing to follow the procedure outlined in the Ohio Rules of Civil Procedure and the [Local Rules of the Cuyahoga County Court of Common Pleas, Juvenile Division,] in connection with Case Management regarding a post decree motion and instead re-issued/replaced an existing Order "Ex Parte," which affected the companionship set out in the parties' Shared Parenting Plan.

## Assignment of Error Three

The Trial Court erred in affirming and adopting a magistrate's decision which re-issued/replaced an existing Purge Order, and was based on false statements of counsel without a sworn affidavit of [Father] where [Father] had previously objected to the Purge Order set out in a prior magistrate's decision; that said objection to the Purge Order was unsuccessful. [Father's] motion was meant to "get around" the procedural guidelines to obtain his desired result.

## Standard of Review

{¶19} We review an appeal from a trial court's order adopting a magistrate's decision for an abuse of discretion. *Kobal v. Kobal*, 8th Dist. Cuyahoga No. 105921, 2018-Ohio-1755, ¶ 17. Under an abuse of discretion standard, the trial court's decision will be reversed only if it is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

## Service

{¶20} In the first assignment of error, Mother argues she was not afforded due process because Father "failed to perfect proper service [on Mother]" of his November 2016 motion for a purge order. We find this argument unpersuasive.

{¶21} In support of her argument that she was not properly served, Mother relies on Civ.R. 3(A) and former Loc.Juv.R. 28, which has since been renumbered as Loc.Juv.R. 42.

{¶22} Civ.R. 3(A) relates to the commencement of a civil action. We note that the instant case has been pending since 2003, and the contempt proceedings underlying Father's

motion have been pending since December 2014. The record demonstrates that Father was not commencing a new action by filing his fourth motion for a purge order.

**{¶23}** Civ.R. 5 governs service and filing of pleadings and other papers subsequent to the filing of the original complaint. Civ.R. 5(B) provides "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Here, the record reflects that the court had not ordered service on Mother, therefore service was properly made on Mother's counsel.

**{¶24}** In her reply brief, Mother argues for the first time on appeal that her counsel never received service of Father's motion for a purge order.[6] We note that under App.R. 16(C), reply briefs are to be used only to rebut arguments raised in an appellee's brief, and an appellant may not use a reply brief to raise new issues or assignments of error. *Midwest Curtainwalls, Inc. v. Pinnacle 701, LLC*, 8th Dist. Cuyahoga No. 92269, 2009-Ohio-3740, ¶ 77. Accordingly, we decline to address Mother's argument that her counsel never received service of Father's motion.

**{¶25}** Mother also argues that Father failed to comply with Loc.Juv.R. 42(A) in serving his motion. Loc.Juv.R. 42(A) requires:

---

[6] The trial court settled and approved a statement of the evidence in this case under App.R. 9(C), which states in relevant part that:

> [Father] claimed he served said motion on mother's counsel of record[.] * * * The service page in the Motion for Purge order does indicate said motion was mailed to [Mother's counsel] on November 16, 2016. [Mother's counsel], however, attached a copy of a cover sheet indicating a Motion for a Purge Order had been filed[,] yet the document that was attached to the cover letter was a Motion for Notice of Service of Plaintiff's Request for Production of Documents propounded on defendant. [Mother's counsel] claimed she never received the Motion to Purge.

*All private actions seeking custody of a child* shall be initiated by a sworn

application, or in preexisting cases, by motion, accompanied by a child custody

affidavit, pursuant to R.C. 3109.27, a copy of the child's birth certificate, if a copy

is not in the court file, and proof of paternity.

(Emphasis added.)

**{¶26}** We note that Father's motion does not seek custody of G.J.A. _ Father has joint custody of his daughter. Rather, his motion relates to the juvenile court's earlier finding that Mother was in contempt of the parties' existing shared parenting plan. Thus, Loc.Juv.R. 42 is not applicable to this matter.

**{¶27}** In light of the foregoing, the first assignment of error is overruled.

Local Rules

**{¶28}** In the second assignment of error, Mother, without any explanation, argues the juvenile court erred by failing to adhere to Loc.Juv.R. 7 and former Loc.Juv.R. 8(A)(1) and 24(B)(1). We note that Loc.Juv.R. 8 and 24 have since been renumbered as Loc.R. 43 and 29, respectively.

**{¶29}** Loc.Juv.R. 7 provides "[p]ursuant to [Loc.Juv.R.] 40, [Civ.R.] 53, and R.C. 2151.16 and 2153.08, magistrates are empowered and authorized to conduct hearings, prepare decisions and issue orders on official cases referred to them as the Court shall direct."

**{¶30}** Loc.Juv.R. 43(A)(1) (former Loc.Juv.R. 8(A)(1)) provides:

(1) Mediation when ordered.

At any time after service of summons, unless expressly excluded

hereunder and unless otherwise directed by the Court, *all new*

*Applications to Determine the Custody of a Child not the Ward of*

*Another Court of this State and/or Motions for Parenting Time*

*and/or Motions to Modify the Allocation of Parental Rights and*

*Responsibilities*, and such cases as the Court directs, shall be

referred to any Court-approved mediator or mediation program for

a mandatory first session, including assessment for mediation.

(Emphasis added.)

{¶31} Loc.Juv.R. 29(B)(1) (former Loc.Juv.R. 24(B)(1)) similarly provides:

(B) Custody Cases

(1) Upon return from mediation, *applications and motions for custody and/or parenting time* shall be set for a preliminary hearing within thirty (30) calendar days and set for trial within ninety (90) calendar days of the preliminary hearing. Final judgment shall be entered within six (6) months from the date of receipt from mediation.

(Emphasis added.)

{¶32} As discussed above, Father's motion relates to an existing contempt order. He did not move for custody or additional parenting time, nor was he moving to modify his parenting time or his parental rights or responsibilities. Thus, Loc.Juv.R. 29(B)(1) and 43(A)(1) are inapplicable to this matter.

{¶33} Therefore, we find that the juvenile court did not violate any of the local rules that Mother contends. Accordingly, the second assignment of error is overruled.

Purge Order

**{¶34}** In the third assignment of error, Mother argues the juvenile court abused its discretion in adopting the magistrate's decision because the magistrate based its decision to grant Father's motion for a purge order on "false statements contained in [Father's motion]," and modified parental rights without a hearing. Mother also contends the magistrate's decision essentially amounted to a custody determination. We disagree.

**{¶35}** This court has explained that

> [j]udicial sanctions for civil contempt may be employed to coerce a defendant into compliance with the lawful orders of the court. *Pugh v. Pugh* (1984), 15 Ohio St.3d 136, 140, 15 Ohio B. 285, 472 N.E.2d 1085; *Cincinnati v. Cincinnati Dist. Council 51* (1973), 35 Ohio St.2d 197, 206, 299 N.E.2d 686. Such sanctions will not be reversed unless there has been an abuse of discretion. *State ex rel. Ventrone v. Birkel* (1981), 65 Ohio St.2d 10, 11, 417 N.E.2d 1249.
>
> A sanction for civil contempt must allow the contemnor the opportunity to purge himself or herself of contempt. *In re Purola* (1991), 73 Ohio App.3d 306, 312, 596 N.E.2d 1140. The trial court abuses its discretion in ordering purge conditions which are unreasonable or where compliance is impossible. *Id.* at 313. The party who is in contempt bears the burden of presenting sufficient evidence at the contempt hearing to establish that the trial court's purge conditions are unreasonable or impossible for him to satisfy. *Marx v. Marx*, Cuyahoga App. No. 82021, 2003-Ohio-3536.

*C.G. v. C.L.*, 8th Dist. Cuyahoga No. 90341, 2008-Ohio-3135, ¶ 24-25.

**{¶36}** Here, Mother does not argue the juvenile court's January 2014 purge conditions are unreasonable or impossible to satisfy. The record demonstrates that the December 2016 order from which Mother appeals merely seeks to clarify and bring resolution to the January 2014 contempt order, but does not impose any additional sanctions. The December 2016 order clarifies ambiguity in the January 2014 contempt order as to what constitutes one day of makeup visitation. The order itself does not make any new decision regarding the makeup schedule, but merely allocates a minimum number of days that must be made up each remaining year of

G.J.A.'s minority. Thus, we find that the juvenile court's order is a reasonable exercise of its authority to guide Mother's compliance with existing court-ordered sanctions.

{¶37} We note that at the time of the December 2016 order, the juvenile court had already given Mother nearly three years in which to purge her contempt without any consequence. The December 2016 order gave Mother an opportunity to purge her contempt, or demonstrate that she has made an effort to comply with the purge conditions. The order gave each party "leave to document whether any of the 69 days have already been made up to date."

{¶38} It is apparent to this court that Mother's disingenuous actions in the underlying case, as well as her filing of the instant appeal, are delay tactics meant to hinder Father's ability to make up visitation with G.J.A. The record demonstrates that G.J.A. will reach the age of majority in October 2019. Father's window to make up the visitation days that Mother withheld from him is quickly coming to a close. The instant appeal is an insincere attempt to further stall makeup visitation until G.J.A. is no longer under the court's jurisdiction. Mother's actions in delaying visitation have kept Father from sharing the 69 days with his daughter in a timely fashion.

{¶39} Having found that the juvenile's courts order adopting the magistrate's decision was reasonable, we find no abuse of discretion.

{¶40} Accordingly, the third assignment of error is overruled.

{¶41} Judgement is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, A.J., and
PATRICIA A. BLACKMON, J., CONCUR