[Cite as *U.S. Bank Natl. Assoc. v. Heller*, 2011-Ohio-4410.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 95966

---

## U.S. BANK NATIONAL ASSOCIATION

PLAINTIFF-APPELLEE

vs.

## MICHAEL A. HELLER, ET AL.

DEFENDANTS-APPELLANTS

---

JUDGMENT:
DISMISSED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-702596

**BEFORE:**    Boyle, P.J., Jones, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**    September 1, 2011

## FOR APPELLANT

Michael A.    Heller, pro se
333 Babbitt Road
Suite 323
Euclid, Ohio    44123

## ATTORNEYS FOR APPELLEE

Sara M.    Petersmann
Kimberlee S.    Rohr
Joanne Wu
Lerner, Sampson & Rothfuss
120 East Fourth Street
8th Floor
Cincinnati, Ohio    45202

MARY J. BOYLE, P.J.:

{¶ 1} Defendant-appellant, Michael Heller, appeals from the trial court's judgment granting summary judgment to plaintiff-appellee, U.S. Bank National Association ("U.S. Bank"), and ordering that Heller's home be foreclosed. We dismiss this appeal for lack of a final appealable order.

{¶ 2} U.S. Bank filed a complaint for foreclosure in August 2009. In November 2009, Heller filed a petition for Chapter 7 bankruptcy, and the foreclosure action was automatically stayed. The bankruptcy stay was lifted in April 2010.

{¶ 3} In May 2010, U.S. Bank moved for summary judgment, which a magistrate granted in July 2010. Heller filed objections to the magistrate's decision in August 2010. In October 2010, the trial court adopted the magistrate's decision and ordered a decree of foreclosure to U.S. Bank. Significantly, the trial court failed to rule on Heller's objections.

{¶ 4} Under Civ.R. 53(D)(4)(d), "[i]f one or more objections to a magistrate's decision are timely filed, the court *shall rule* on those objections." This court has interpreted that language as mandatory, i.e., a trial court is required to explicitly overrule or sustain any timely filed objection. *Peric v. Buccilli*, 8th Dist. No. 80805, 2002-Ohio-6234, ¶5-8. Other courts have determined the same. See *Schueler v. Schubert*, 9th Dist. No. 25192, 2010-Ohio-6495; *In re J.V.*, 10th Dist. No. 04AP-621, 2005-Ohio-4925; *Ludwick v. Ludwick*, 12th Dist. No. CA2002-08-017, 2003-Ohio-2925; *In re Talbert*, 5th Dist. No. CT2008-0031,

−1−

2009-Ohio-4237; *Chan v. Total Abatement Specialist & Remodelers*, 1st Dist. No. C-070275, 2008-Ohio-1439; and *In re F.D.M.*, 2d Dist. No. 23021, 2009-Ohio-5609.

**{¶ 5}** The record reveals that the trial court did not even state that it had considered Heller's objections, let alone overrule them. Accordingly, we find that the trial court's judgment adopting the magistrate's decision is not a final appealable order.

Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, PRESIDING JUDGE

LARRY A.  JONES, J., and
KENNETH A.  ROCCO, J., CONCUR

**KEY WORDS:**

95966