[Cite as *State v. Hendrix*, 2018-Ohio-3754.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                    :          APPEAL NO. C-160887
                                             TRIAL NO. B-1400317
   Respondent-Appellee,        :

 vs.                              :          *O P I N I O N.*

D'JANGO HENDRIX,                  :

   Petitioner-Appellant.       :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:    September 19, 2018


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*D'Jango Hendrix,* pro se.

Per Curiam.

{¶1}    Petitioner-appellant D'Jango Hendrix appeals from the Hamilton County Common Pleas Court's judgment dismissing his petition pursuant to R.C. 2953.21 et seq. for postconviction relief.  We affirm the court's judgment.

{¶2}    In 2015, Hendrix was convicted upon jury verdicts finding him guilty on four counts of attempted murder and a single count of having weapons while under a disability and was sentenced to prison terms totaling 53 years.  He unsuccessfully challenged his convictions on direct appeal and in the 2016 postconviction petition from which this appeal derives.  *See State v. Hendrix*, 1st Dist. Hamilton Nos. C-150194 and C-150200, 2016-Ohio-2697, *appeals not accepted*, 146 Ohio St.3d 1504, 2016-Ohio-5792, 58 N.E.3d 1175.

{¶3}    In his postconviction petition, Hendrix sought relief on the ground that his convictions had been the product of his trial counsel's ineffectiveness in preparing and presenting his defense.  Hendrix argued, and offered evidence outside the trial record to support his argument, that counsel should have secured and presented the testimony of a forensics expert to undermine the state's theory that Hendrix had been the aggressor in the affray that led to his attempted-murder charges and thus support his assertion that he had acted in self-defense.

{¶4}    In this appeal from the denial of his petition, Hendrix advances three assignments of error.  He asserts that the common pleas court "misapplied" the doctrine of res judicata to dismiss his postconviction claim, abused its discretion in discounting the credibility of the outside evidence supporting that claim, and erred in declining to conduct an evidentiary hearing on the claim.  We consider the assignments of error together.

{¶5}    Hendrix's postconviction claim was not, as the common pleas court concluded, barred under the doctrine of res judicata, because the claim depended for its resolution upon evidence outside the trial record.  *See State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.  But the court also

concluded that Hendrix had failed to demonstrate substantive grounds for relief. Because of deficiencies in the record on appeal, we cannot say that the court erred in denying relief upon that conclusion.

{¶6} To prevail on a postconviction claim, the petitioner must demonstrate a denial or infringement of his constitutional rights in the proceedings resulting in his conviction. R.C. 2953.21(A)(1). A postconviction claim may be dismissed without a hearing only if the common pleas court determines that the petitioner is not entitled to relief. R.C. 2953.21(D) and (F). The petitioner bears the initial burden of submitting with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. R.C. 2953.21(D); *State v. Pankey*, 68 Ohio St.2d 58, 58-59, 428 N.E.2d 413 (1981); *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), syllabus. In determining whether the petitioner has met that burden, and whether a hearing is required, the court must consider "the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript." R.C. 2953.21(D); R.C. 2953.21(F) (providing that a hearing must be held "[u]nless the petition and the files and records of the case show the petitioner is not entitled to relief"). Thus, to avoid dismissal of his postconviction ineffective-counsel claim without a hearing, Hendrix bore the burden of producing evidence outside the trial record that, along with the matters contained in the trial record, showed that his trial counsel's performance had fallen below an objective standard of reasonableness, and that counsel's deficient performance had prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); *see also State v. Powell*, 90 Ohio App.3d 260, 266, 629 N.E.2d 13 (1st Dist.1993) (holding that to demonstrate prejudice, counsel's deficient performance must be shown to have "so undermined the proper functioning of the adversarial process that the trial could not have reliably produced a just result").

{¶7}   The record shows that, for the purpose of determining whether Hendrix had met that burden, the common pleas court had available to it all the files and records pertaining to the proceedings against Hendrix, including the state and defense exhibits admitted at trial.  The court dismissed Hendrix's postconviction petition on October 31, 2016.  Then, on December 6, 2016, the presiding judge of the common pleas court placed of record an entry ordering that all exhibits in the case be "release[d]" from the court reporter's custody and either "returned to the police agency * * * [or] Defense counsel, or disposed of by the Court's Exhibit Custodian, where appropriate."  On that same day, Hendrix, pursuant to R.C. 2953.23(B), timely appealed the dismissal of his petition.  When the record transmitted on appeal did not include the trial exhibits, this court ordered the Clerk of Courts for the Hamilton County Court of Common Pleas to complete and transmit the appellate record as required under App.R. 9 and 10.  When the clerk transmitted the state's exhibits, but not the defense exhibits, we entered, and served upon the clerk and the parties, a second order specifically directing the clerk to transmit the defense exhibits by a date certain.  That date has passed.

{¶8}   Appellate review is strictly limited to the record on appeal.  *Warder, Bushnell & Glessner Co. v. Jacobs*, 58 Ohio St. 77, 50 N.E. 97 (1898), paragraph one of the syllabus.  The record on appeal is composed of "[t]he original papers and exhibits thereto filed in the trial court," "a certified copy of the docket and journal entries prepared by the clerk of the trial court," and "the transcript of proceedings, if any, *including exhibits*."  App.R. 9(A)(1).  Thus, for purposes of the Ohio Rules of Appellate Procedure, the exhibits admitted at trial are part of the transcript of the proceedings.  *See* App.R. 9(A)(1) and 9(B)(6)(g).  And the appellant has the duty to ensure that those portions of the transcript of the proceedings that are necessary for the determination of an appeal are filed with the court of appeals.  *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980); *see Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19, 520 N.E.2d 564 (1988); App.R. 9(B), 10(A) and 12(A)(2).

4

{¶9} If any portion of the transcript of proceedings is "unavailable," this deficiency may be remedied by including in the record on appeal "a statement of the evidence or proceedings" under the procedure prescribed by App.R. 9(C). When the appellant has failed in his duty to ensure that the record on appeal includes a transcript of proceedings necessary to the resolution of the assigned errors, "in a form that meets the specifications of App.R. 9(B)(6)," the reviewing court must presume the regularity of the lower court's proceedings and affirm the judgment of the court below. *Knapp* at 199.

{¶10} In the proceedings before the common pleas court upon his postconviction petition, Hendrix bore the initial burden of producing outside evidence that, along with the matters contained in the trial record, demonstrated an outcome-determinative deficiency in his trial counsel's failure to present testimony by a forensics expert to support his self-defense claim. The determination of whether Hendrix met that burden required an inquiry into the reliability of the jury's verdicts finding him guilty of attempted murder. In the absence from the record on appeal of a complete transcript of the proceedings at trial, we cannot say that the common pleas court erred in determining that Hendrix had failed to sustain that burden.

{¶11} We, therefore, hold that the common pleas court properly denied Hendrix's postconviction petition without an evidentiary hearing. Accordingly, we overrule the assignments of error and affirm the court's judgment.

Judgment affirmed.

**CUNNINGHAM, P.J., ZAYAS** and **DETERS, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.