[Cite as *K.K.S. v. M.M.J.*, 2024-Ohio-70.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| K.K.S., | : | |
| Petitioner-Appellant, | : | |
| v. | : | No. 112605 |
| M.M.J., | : | |
| Respondent-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 11, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DV-22-390096

### *Appearances:*

Jonathan N. Garver, *for appellant.*

Jessica A. L. Camargo, *for appellee.*

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1} Petitioner-appellant appeals the domestic relations court's decision denying her petition for a domestic violence protection order. For the reasons that follow, this court affirms the trial court's judgment.

## I.  Procedural Background

{¶ 2}  On May 26, 2022, petitioner, pro se, filed a petition for a domestic violence protection order pursuant to R.C. 3113.31 that included a request for an ex parte (emergency) protection order for her and her minor child against the father of her child, respondent.  At the ex parte hearing, a magistrate declined to grant petitioner an emergency protection order but set the matter for a full hearing.

{¶ 3}  On June 16, 2022, and August 24, 2022, a magistrate conducted a full hearing where both parties appeared with counsel, provided testimony, and offered exhibits.

{¶ 4}  On August 30, 2022, the magistrate issued a written decision denying petitioner's request for a protection order, concluding that based on the testimony and evidence presented, petitioner did not prove by a preponderance of the evidence that respondent committed an act or acts of domestic violence as defined under the law, or that neither she nor her family or household members were in danger of domestic violence.  The trial court adopted the magistrate's decision on the same day pursuant to Civ.R. 65.1(F)(3)(c).

{¶ 5}  On September 9, 2022, petitioner filed timely objections to the magistrate's decision.  Petitioner raised 20 numerically listed objections that disputed multiple factual findings and challenged evidentiary rulings and the magistrate's overall decision denying her a protection order.  Petitioner stated in her objections that she "ordered a transcript of the hearing" and "reserve[d] the right to supplement these [o]bjections after the transcript has been prepared and filed with

the Court." Despite this statement, petitioner did not file a transcript-praecipe within the initial 14-day objection period with the clerk of courts as required by Loc.R. 27(2)(c) of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division ("DR Loc.R."), or seek an extension to file the praecipe as permitted by DR Loc.R. 27(3)(c).

{¶ 6} On September 29, 2022, prior to the trial court ruling on her objections, petitioner filed a notice of appeal in this court appealing the magistrate's decision. Included with her notice of appeal, petitioner filed an App.R. 9(B) praecipe signifying that a complete transcript of the proceedings would be prepared. *See K.S. v. M.J.*, 8th Dist. Cuyahoga No. 111995. The record reveals that the transcripts were filed with this court in November 2022. On March 7, 2023, this court dismissed the appeal, however, for lack of a final appealable order because the trial court had not ruled on the objections. *Id.*

{¶ 7} On March 16, 2023, without seeking leave of court, petitioner filed a brief in support of her objections, citing to the transcript and exhibits. The record before this court is unclear, however, as to whether she attached a copy of the June and August hearing transcripts to her brief because no docket entry exists on the official pagination prepared for this court that would suggest the transcripts were filed in the trial court.[1]

---

[1] Moreover, the court reporter who prepared the transcripts did not file a notice of the availability of the transcript as required by DR Loc.R. 27(2)(f).

**{¶ 8}** On April 5, 2023, the trial court overruled the objections, finding that although petitioner filed timely objections, she

> failed to file a transcript or affidavit of evidence with this Court for the August 24, 2022 hearing on Petitioner's Petition for Domestic Violence Civil Protection Order. Further, Petitioner failed to request additional time for the preparation of a transcript. Therefore, the Court cannot address Petitioner's objections that are based upon evidence in the record and can only review for errors of law on the face of the Magistrate's Decision.
>
> Also, Petitioner failed to request or file a transcript prior to submitting [her] supplemental objections, therefore the Court shall not consider Petitioner's Brief in Support of Petitioner's Objections to Denial of Civil Protection Order after Full Hearing, filed March 16, 2023.

The trial court found no errors of law on the face of the magistrate's decision, and therefore, overruled the objections.[2]

**{¶ 9}** Petitioner now appeals, raising the following four assignments of error:[3]

> I. The trial court abused its discretion by using [Civ.R.] 65.1(F)(3)(d)(iv) as an excuse to support its refusal to address the merits of [petitioner's] objections to the denial of her petition for a domestic violence civil protection order where the particular circumstances of the case include the following: (1) [petitioner] filed her objections in a timely manner; (2) the trial court's actions contributed to the filing of a premature appeal by including a misleading "Notice of Final Appealable Order" in its decision; (3) the mistake of [petitioner's] counsel in filing the premature appeal was

---

[2] Additionally, the trial court denied respondent's motion for an extension of time to file a reply brief and objections, and denied as moot, respondent's motion to strike petitioner's brief in support of her objection to denial of civil protection order after a full hearing and to dismiss objection. These rulings are not part of this appeal.

[3] As part of petitioner's App.R. 9(B) record, petitioner requested that the transcripts of the proceedings that were filed in the prior appeal be filed in the instant appeal.

understandable, given the confusion created by the misleading notice contained in the denial and the mistake was made in good faith, not as part of a continuing course of conduct for the purpose of delay; (4) [respondent] suffered no prejudice from the error; (5) the trial court suffered no prejudice from this error since the entire record, including the transcripts of the hearing, was before the trial court two weeks before the court ruled on [petitioner's] objections; (6) [Petitioner's] objections raise substantial issues related to the sufficiency and weight of the evidence and alleged abuses of discretion; (7) the sanction of refusing to address the merits of [petitioner's] objections involving the sufficiency or weight of the evidence and alleged abuses of discretion for a minor, technical error is disproportionately harsh in view of the nature of the mistake; and (8) [petitioner] should not be punished for a highly technical error of his counsel, particularly where the underlying issue in the case involves the personal safety of [petitioner].

II.  The judgment of the trial court denying [petitioner's] petition for a domestic violence civil protection order is against the manifest weight of the evidence.

III.  The trial court abused its discretion by refusing to grant [petitioner's] petition for a domestic violence civil protection order.

IV.  The magistrate abused its discretion and committed reversible error by refusing to admit exhibits evidencing [respondent's] animus towards [petitioner] and past acts of domestic violence against [petitioner] by [respondent].

## II.  Civ.R. 65.1 Objection and Transcript Requirements

{¶ 10} In her first assignment of error, petitioner contends that the trial court abused its discretion by relying on Civ.R. 65.1(F)(3)(d)(iv) and refusing to address the merits of her objections.  We disagree.

{¶ 11}  The trial court noted that petitioner filed timely objections but failed to file a transcript of the proceedings in accordance with Civ.R. 65.1.  Petitioner contends that she should not be penalized for this "highly technical error" because the trial court contributed to her filing a premature appeal, the trial court had the

transcripts two weeks prior to ruling on her objections, and neither the court nor respondent were prejudiced.

{¶ 12} First, petitioner's premature appeal of this matter did not prevent her from filing the transcripts of the magistrate's hearing with the trial court. It is well settled that "the filing of the notice of appeal divests the trial court of jurisdiction to proceed with the adjudication during the pendency of the appeal." *State ex rel. Elec. Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, ¶ 16. "'[O]nce an appeal is perfected, the trial court is divested of jurisdiction over matters that are *inconsistent* with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment.'" (Emphasis added.) *Id.* at ¶ 13, quoting *State ex rel. Rock v. School Emps. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8. In other words, once a case has been appealed, the trial court loses jurisdiction except to act in aid of the appeal. *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978).

{¶ 13} The filing of transcripts with the trial court in accordance with the civil and local rules would not have been inconsistent with this court's jurisdiction in the prior appeal because filing the transcripts did not require any judicial determinations that would have interfered with this court's ability to review the purported appellate issue. Accordingly, petitioner's notice of appeal did not delay or stay her responsibility to timely file the transcripts with the trial court.

**{¶ 14}** Next, petitioner contends that the trial court abused its discretion in failing to consider the merits of her objections because the transcripts were available to the trial court two weeks prior to ruling on her objections. The record before this court is unclear regarding whether the transcripts were actually filed with the trial court or merely attached to her March 2023 brief in support. Although petitioner references the transcripts in her brief in support, no docket entry exists on the official pagination submitted to this court that would suggest that the transcripts were filed. But the record is clear that neither the petitioner's brief in support nor the transcripts, whether separately filed or attached, were filed in accordance with DR Loc.R. 27 and Civ.R. 65.1 because petitioner did not request leave of court to file her supplemental objections.

**{¶ 15}** Pursuant to Civ.R. 65.1(F)(3)(d)(iv):

> Objections based upon evidence of record shall be supported by a transcript of all the evidence submitted to the magistrate * * * The objecting party shall file the transcript * * * with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

DR Loc.R. 27(1)(c) further provides that "[a] party filing objections that require a transcript must file his or her objections within the fourteen (14) day time period * * *, and must file a Notice of Intent to supplement objections after the transcript has been completed, for which leave will automatically be granted." If a party is objecting to factual findings in the magistrate's decision, a transcript of the record of proceedings must be filed. DR Loc.R. 27(2)(a). And under the local rules, the

party filing objections must order the transcript and file a praecipe "within the initial fourteen (14) day period after the date the magistrate's decision is filed." DR Loc.R. 27(2)(c). The failure to timely file the praecipe "shall result in the objections as to factual findings being overruled." DR Loc.R. 27(2)(f). Here, petitioner did not follow any of the trial court's local rules regarding preparing or filing a transcript, including submitting the requisite praecipe.

{¶ 16} Moreover, even assuming that petitioner filed the transcripts with her supplemental objections, they would have been untimely because they were filed beyond the 30-day timeframe and no extension of time was requested or granted. Accordingly, the trial court was within its discretion to decline to address petitioner's objections that challenged any factual findings in the magistrate's decision.

{¶ 17} Regarding prejudice to the court or respondent, neither the civil rules nor the domestic relations court's local rules allow for trial court discretion or a balancing of prejudice in deciding whether a party is required to follow rules of court. Both Civ.R. 65.1 and DR Loc.R. 27 clearly mandate that if a party wishes to object to a magistrate's factual determinations, the party "shall" timely file with the trial court a transcript of the proceedings, or seek an extension of time. Petitioner did neither. In fact, DR Loc.R. 27(2)(f) specifically requires the objecting party to timely file a transcript-praecipe and states that failure to do so "shall result in the objections as to factual findings being overruled." *See Victor v. Kaplan*, 2020-Ohio-3116, 155 N.E.3d 110, ¶ 147 (8th Dist.). Accordingly, a finding of prejudice for a party's failure to follow the civil rules or local rules is not contemplated in the rules.

{¶ 18} Based on the foregoing, we find that the trial court did not abuse its discretion in declining to address any of petitioner's factual challenges to the magistrate's decision. Petitioner's first assignment of error is overruled.

### III. Merits of Petitioner's Objections

{¶ 19} In her second and third assignments of error, petitioner challenges the merits of her objections by contending that the trial court abused its discretion when it denied her petition for a domestic violence protection order. She contends that the denial is also against the manifest weight of the evidence.

{¶ 20} Because the hearing transcripts were not filed in accordance with the civil and local rules, the trial court noted that it could not consider any objection challenging the magistrate's factual findings but would consider only those objections to errors of law on the face of the magistrate's decision. Moreover, the court noted that because petitioner did not file a transcript prior to submitting her supplemental objections, the court would not consider those objections. Again, the record is unclear whether the transcripts were before the trial court, but the record is clear that neither the transcripts nor the supplemental objections were timely filed or filed in accordance with the civil and local rules. Accordingly, even if the transcripts were submitted with petitioner's supplemental objections, we find no abuse of discretion in the trial court's decision to not consider the supplemental objections.

{¶ 21} Petitioner set forth 20 objections to the magistrate's decision. Objections 1 through 13 challenged factual findings and determinations, objections

14 through 18 challenged the magistrate's rulings denying admission of certain text messages or social media messages into evidence, or affording the appropriate weight to other messages, and objections 19 and 20 challenged the magistrate's decision finding that petitioner failure to satisfy her burden of proof.

{¶ 22} Each of these objections required consideration of the evidence and testimony submitted or proffered at trial. Accordingly, to review these objections, a transcript of the proceedings was necessary. This court cannot consider the transcripts and exhibits even if they were provided to this court because our review is limited to the evidence that was before the trial court. *J.S. v. D.L.*, 2018-Ohio-4775, 125 N.E.3d 216, ¶ 10 (8th Dist.), citing *In re A.K.*, 8th Dist. Cuyahoga No. 105426, 2017-Ohio-9165, ¶ 17. Because the trial court found that petitioner did not properly support her objections with the transcripts and thus, did not consider the transcripts, this court is also limited on our review. After considering the factual findings in the magistrate's decision that the trial court adopted, we find no abuse of discretion by the trial court in overruling petitioner's objections because on the face of the magistrate's decision, no error of law occurred. The second and third assignments of error are overruled.

## IV. Evidentiary Rulings

{¶ 23} In her fourth assignment of error, petitioner contends that the magistrate abused her discretion and committed reversible error by refusing to admit certain exhibits into evidence. Petitioner raised five objections with the trial

court that challenged the magistrate's decision excluding text and social media messages. To review these objections, a transcript of the proceedings was necessary.

{¶ 24} If a party wishes to raise an error based on a ruling excluding evidence at trial, the party must proffer the excluded evidence, or the nature of the excluded evidence must be apparent from the context of the questions asked of a witness during the hearing or trial. Evid.R. 103(A)(2); *State v. Carter*, 8th Dist. Cuyahoga No. 104653, 2017-Ohio-5573, ¶ 33; *see also In re Bunting*, 5th Dist. Delaware No. 99 CA F 03 012, 2000 Ohio App. LEXIS 130, 7 (Jan. 11, 2000) ("The appellant had a duty to proffer evidence which she believed was improperly excluded. Evidence Rule 103(A)(2). This proffer then would have appeared in the transcript and the trial court could have properly reviewed the evidentiary ruling of the Magistrate.") As previously discussed, however, petitioner did not properly provide a transcript of the evidence or an affidavit of evidence to support her objections. Without a transcript, this court cannot tell whether petitioner proffered the excluded evidence or if the nature of the evidence was clear from the context of questions asked of the witness.

{¶ 25} Even if this court assumes petitioner did proffer the evidence, the lack of a properly submitted transcript means we cannot review the evidence itself or the nature and context of the magistrate's rulings on the admissibility of the evidence because the trial court did not consider the transcripts. Therefore, this court has no basis to find error with the trial court's decision or the magistrate's evidentiary rulings. *See Cargile v. Ohio Dept. of Adm. Servs.*, 10th Dist. Franklin No. 11AP-743,

2012-Ohio-2470, ¶ 15 (trial court did not err in overruling objections to evidentiary ruling when no transcript was provided).  Petitioner's fourth assignment of error is overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
LISA B. FORBES, J., CONCUR