[Cite as *Horn v. DeGennaro*, 2024-Ohio-5217.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DALE P. HORN,                              :

    Plaintiff-Appellant,              :

                                                    No. 113762

    v.                                :

SUSANNE M. DEGENNARO, ET AL.,             :

    Defendants-Appellees.             :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 31, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-971641

*Appearances:*

Herman Law, LLC, and Edward F. Herman, *for appellant*.

Kenneally & Associates Co., LPA, Sean M. Kenneally,
Terrance J. Kenneally, and Kirk E. Roman, *for appellees*.

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1} Plaintiff-appellant, Dale P. Horn ("Horn"), appeals from the trial court's judgment entry rejecting the magistrate's decision and entering a judgment quieting title to real property in favor of defendant-appellee, Susanne M. DeGennaro ("DeGennaro"). Horn does not ask this court to weigh the evidence and testimony

presented at trial before the magistrate, but rather he "challenges the sufficiency of DeGennaro's objections and the appropriateness of [the trial court's] Judgment Entry." For the reasons that follow, we affirm the trial court's judgment.

## I. Procedural History

{¶ 2} In December 2022, Horn filed an amended complaint against DeGennaro and Thomas Greear, Jr., asserting actions for (1) adverse possession by quiet title; (2) easement by prescription by quiet title; (3) boundary line of acquiescence; (4) damages to real property; and (5) ejectment. Horn claimed ownership through adverse possession of a vacant lot of real property located at 4618 Tillman Avenue (hereinafter "4618 Tillman" or "the vacant lot"). The vacant lot was adjacent to his real property at 4620 Tillman Avenue.

{¶ 3} According to Horn's complaint, he had been in actual, continuous, open and notorious, and hostile possession of the vacant lot since at least 1996 and up until 2021 when DeGennaro purchased the property from Greear, Jr. He alleged that in 1996, he erected a fence that extended on and enclosed part of the vacant lot and added concrete to the apron of the driveway that possibly encroached on the vacant lot. Horn asserted that he did not have permission to erect the fence or modify the apron of driveway. The judicial report attached to Horn's complaint revealed that DeGennaro owned 4618 Tillman Avenue.

{¶ 4} In January 2023, DeGennaro filed an answer and counterclaim. She denied Horn's assertion that he adversely possessed the property, and asserted various affirmative defenses, including laches, unclean hands, and permissive and

consensual use. DeGennaro claimed that Horn received permission and consent from Thomas Greear, Sr., in June 1996 to erect a fence on 4618 Tillman, thus defeating Horn's claim of adverse possession. In her counterclaim, DeGennaro asserted claims for (1) menacing by stalking; (2) intentional infliction of emotional distress; and (3) a declaratory judgment asserting her own claim for ownership of 4618 Tillman. She attached to her pleading (1) the permit Horn obtained from the City of Cleveland on July 10, 1996, to erect the chain link fence; (2) DeGennaro's permit to erect a two-family home on the vacant lot; and (3) a postcard purportedly sent by Horn to a member of the Board of Zoning Appeals.

{¶ 5} Greear, Jr. filed his own answer and counterclaim against Horn. He asserted as an affirmative defense that Horn's "alleged prior use of the 4618 Tillman Avenue yard was permissive and consensual by the then title holder and owner thereof." *See* Answer and Counterclaim, Docket No. 21. In his counterclaim, Greear, Jr. contended that

> 6. On a date unknown, but on information and belief, [on] or about June 1996, Horn approached Tom Greear, Senior, and requested that he (Horn) be allowed to erect a fence around the back half of the Tillman lot.

> 7. Tom Greear, Senior, verbally consented to the installation of the limited fence.

> 8. This verbal agreement was informal, neighborly and constituted an oral revocable license only.

*Id.* [1]

{¶ 6}  Horn filed his answer to DeGennaro's counterclaim.  He generally denied all of DeGennaro's allegations, but relevant to the appeal, admitted that he spoke with Thomas Greear, Sr. about the fence.

> 6.  Horn admits that he spoke with Tom Greear, Sr., in or around June 1996 regarding the fence.  Horn denies for want of knowledge that he called Tom Greear, Sr., as Horn is not sure who called whom.  Horn denies for want of knowledge that the permission granted was only for the back half of the lot.
>
> 7.  Horn admits Greear, Sr., consented to Horn's installation of the fence.  Horn denies that this consent was in any way limited.
>
> 8.  Horn denies that Greear, Sr.'s consent was informal and neighborly, and further denies that it was permissive and constituted a revocable license.  He admits that Thomas Greear, Jr. never withdrew his consent to the fencing.

*See* Horn's Reply to Counterclaims, February 27, 2023, Docket No. 20.  Horn also asserted affirmative defenses against DeGennaro's counterclaim of unclean hands and that she had notice of his open use of the vacant lot.

{¶ 7}  In June 2023, the trial court denied DeGennaro leave to file a Civ.R. 56 motion for summary judgment; it also denied DeGennaro's subsequent request for reconsideration.

---

[1]The trial court subsequently dismissed Greear, Jr.'s counterclaim because he no longer owned the property following the transfer to DeGennaro.  Subsequently, and for the same reasons, Horn dismissed Greear, Jr. from the lawsuit.

## II. The Bench Trial

{¶ 8} Over objection, the trial court referred the matter to a magistrate. On August 18 and 21, 2023, the magistrate conducted a bench trial on the equitable claims concerning the vacant lot, i.e., Horn's causes of action and DeGennaro's request for declaratory judgment. The trial was audio recorded.

{¶ 9} The magistrate took testimony and evidence from both sides. Horn and DeGennaro testified on their own behalf. DeGennaro also called Thomas Greear, Jr., and his father, Thomas Greear, Sr., as witnesses.[2]

{¶ 10} During the trial, both parties also introduced exhibits. Following the close of testimony, both parties moved to admit their respective exhibits. The record reveals that Horn moved to admit his Exhibits A through Q, except H and J. DeGennaro's counsel did not object and the magistrate admitted them into evidence. (Tr. 127-128.) DeGennaro moved to admit her exhibit Nos. 1 through 13. Horn's counsel objected to exhibit Nos. 1, 2, 4, 7, 8, 10, and 11. (Tr. 128-129.) The transcript does not reflect the magistrate's ruling on Horn's objections to DeGennaro's exhibits. (Tr. 130.)

{¶ 11} The parties then made several on-the-record motions that are relevant to this appeal. DeGennaro moved for a directed verdict, which the trial court converted to a Civ.R. 41(B) motion to dismiss. After hearing arguments from both parties, the magistrate took the motion under advisement. (Tr. 130-131.) Over

---

[2] Because Horn is not challenging the weight of the evidence, the testimony presented at trial is not relevant to this appeal.

objection, Horn moved to amend his pleadings pursuant to Civ.R. 15(B) to conform to the evidence presented at trial concerning Horn's conversations with the Greears about the fence, contending that those conversations took place after the fence was already installed. (Tr. 132.) The magistrate did not make any verbal ruling on the record. The trial concluded and the magistrate took the matter under advisement. Each party subsequently submitted proposed findings of fact and conclusions of law.

## III. The Magistrate Finds in Favor of Horn

{¶ 12} On November 9, 2023, the magistrate issued her written decision with findings of fact and conclusions of law. As part of her findings, the magistrate ruled on the parties' post-trial motions and memorialized which exhibits were admitted. Relevant to the appeal, the magistrate determined:

12. [DeGennaro's] motion for directed verdict is denied.

13. [Horn's] Motion to Conform Evidence to the Pleadings is granted. [Horn's] pleading, pursuant to Civ.R. 15(D) is hereby amended to reflect that the single conversation had by [Horn] regarding the fence was with Thomas Greer [sic] Jr.

14. [Horn's] Exhibits A-Q, except H and J, are admitted into evidence without objection.

15. [DeGennaro's] Exhibits 3, 5, 6, 7, and 9 are admitted into evidence. [The magistrate then explained why exhibits 1, 2, 4, 8, 10, and 11 were not admitted].

See Magistrate's Decision, Docket No. 54.

{¶ 13} The magistrate determined that Horn established all of the elements of adverse possession and that DeGennaro did not prove that Horn acted with permission when he erected the fence on the vacant lot and maintained the vacant

lot in an open manner for at least 21 years. The magistrate therefore entered judgment in favor of Horn, quieting title in his favor, and ejecting DeGennaro from the property.

## IV. DeGennaro Files Objections

{¶ 14} After receiving an extension, DeGennaro filed timely objections to the magistrate's decision. She raised the following nine objections:

1. The Magistrate erred in ruling [Horn] was the owner of the property based on adverse possession because [Horn] did not satisfy the elevated burden of proof by clear and convincing evidence for adverse possession.

2. The Magistrate erred in concluding the Greears abandoned the property.

3. The Magistrate erred in concluding [Horn] treated the "lot as his own property" and maintained the lot exclusively for over 21 years.

4. The Magistrate erred in not concluding the Greears granted [Horn] permission to erect the fence on the property.

5. The Magistrate erred in concluding [Horn's] testimony was credible.

6. The Magistrate erred in permitting [Horn] to amend his reply to [DeGennaro's] counterclaim to reflect that [Horn's] single conversation regarding the fence was with Greear, Jr.

7. The Magistrate erred in finding that the defendant would have had notice of a boundary change.

8. The Magistrate erred in concluding that the doctrine of laches did not apply to bar the plaintiff's claim because he delayed in asserting ownership to the property for over two years after the defendant purchased the property from Greear, Jr.

9. The Magistrate erred in not disclosing to the parties before presiding over the case that her spouse (also a judicial magistrate) was presiding over the defendant's civil protection order proceeding against the plaintiff.

DeGennaro attached to her objections her affidavit and the exhibits that she attempted to introduce at trial. Those exhibits included postcards that Horn purportedly sent to DeGennaro following her purchase of the vacant lot.

{¶ 15} Contemporaneously with her objections, DeGennaro filed a written transcript of the audio-recorded bench trial. The transcript was not prepared by an official court reporter; rather, it was prepared by DeGennaro's counsel's secretary. The notice of filing the transcript was accompanied by an affidavit from counsel's secretary averring that she transcribed the recording. Neither the transcript nor the notice included any admitted trial exhibits.

{¶ 16} Horn opposed DeGennaro's objections, contending that (1) the magistrate was in the best position to judge the credibility of the parties; (2) disqualification of the magistrate was neither sought prior to trial nor required under the law; (3) the magistrate properly granted his motion to conform the pleadings to the evidence; and (4) although the magistrate did not set forth any legal standard degree of proof, the magistrate's reasoning demonstrated that Horn proved adverse possession by clear and convincing evidence. He did not object to the form or substance of DeGennaro's objections, including the attachments to her objections, the nature of the transcript (which Horn characterized as an "informal transcript"), or the lack of trial exhibits. Additionally, he did not move to strike her objections for failing to comply with Civ.R. 53.

{¶ 17} On February 29, 2024, the trial court rejected the magistrate's decision, finding that the magistrate failed to apply the requisite legal standard of

clear and convincing evidence in rendering her decision. Applying the correct standard, the trial court determined that Horn's claim of adverse possession failed because (1) "other than his own testimony as to minor landscaping and the construction of a fence, Horn ha[d] provided little evidence as to adverse possession. Testimony alone may be enough to succeed on a preponderance of the evidence burden, but not a clear and convincing evidence burden."; (2) vague testimony was presented about the fence construction and whether it was done with the Greears' permission, and thus, not supported by clear and convincing evidence, except that the construction was done under a permit that Horn obtained by inaccurately claiming to be the owner of the property; and (3) Horn's conduct of just "want[ing] to see how it would play out" after DeGennaro purchased the property did not equate to "patent and hostile" as required under the law to successfully satisfy the notorious-use element of adverse possession.

{¶ 18} The trial court concluded that because Horn failed to prove adverse possession, his claims for easement by prescription, acquiescence, and ejectment also failed. Accordingly, the trial court entered judgment in favor of DeGennaro, quieting title in her favor and against Horn.

{¶ 19} Horn now appeals from this judgment, raising three assignments of error. As previously stated, Horn does not challenge the trial court's judgment by asking this court to weigh the evidence and testimony. Instead, he raises procedural deficiencies that purportedly prevented the trial court from disregarding the magistrate's findings of fact. As a result, he contends that the trial court could not

and did not independently review the decision nor did it rule on the objections as required by Civ.R. 53.

## V. The Appeal

### A. Standard of Review

{¶ 20} The parties agree that our standard of review is for an abuse of discretion. *CS/RW Westlake Indoor Storage, L.L.C. v. Kesi, L.L.C.*, 2015-Ohio-4584, ¶ 12 (8th Dist.) (A trial court's ruling on objections to a magistrate's decision are reviewed for an abuse of discretion.). An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. An abuse of discretion has also been described as occurring when the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Montgomery*, 2022-Ohio-2211, ¶ 135, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

### B. Inclusion of Trial Exhibits with Objections

{¶ 21} Horn contends in his first assignment of error that the trial court erred in ignoring and contesting the magistrate's findings of fact and rejecting the magistrate's conclusions of law because DeGennaro failed to submit any of the admitted trial exhibits in support of her objections.

{¶ 22} At the outset, this court notes that Horn did not raise this issue when he opposed DeGennaro's objections. Horn contends that the doctrine of waiver does not apply because the defect occurred with the trial court's ruling, he was not

required to oppose her objections, and DeGennaro's failure to comply with the civil rules did not affect his claims or defenses.

{¶ 23} Although Horn is correct that the civil rules do not require any opposition to objections, a party who chooses to oppose the objections cannot sit on his hands and then claim error in the trial court's consideration of evidence. *See O'Rourke v. O'Rourke*, 2018-Ohio-4031, ¶ 44 (4th Dist.) (acquiescence to a trial court's procedure may be viewed as invited error). When Horn chose to oppose DeGennaro's objections, he did not raise any objection to any deficiency regarding her purported failure to submit the trial exhibits. Moreover, he did not move to strike her objections for any failure to comply with Civ.R. 53.

{¶ 24} In her objections to the magistrate's decision, DeGennaro stated that she contemporaneously filed a written transcript of the audio recording. Although she attached exhibits to her objections that were not admitted at trial, no other exhibits were attached to her objections. Additionally, her notice of filing of trial transcript did not indicate that the admitted exhibits were attached or filed. Despite Horn relying on and citing to the filed transcript, he knew that the exhibits were not "filed" with the transcript or DeGennaro's objections. Accordingly, Horn was on notice that DeGennaro's objections arguably did not comply with Civ.R. 53, and thus he was obligated to bring this issue to the trial court's attention to preserve any future argument challenging this deficiency.

{¶ 25} Appellate courts "will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the

trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Awan*, 22 Ohio St.3d 120, 122 (1986); *see also Kinasz v. Diplomat Healthcare*, 2016-Ohio-2949, ¶ 9 (8th Dist.). Accordingly, we find that Horn has forfeited this argument on appeal by failing to bring this alleged deficiency to the attention of the trial court. *Shover v. Cordis Corp.*, 61 Ohio St.3d 213, 220, (1991) (It is axiomatic that issues not presented for consideration below will not be considered on appeal.). Additionally, although appellate courts may consider a forfeited argument using a plain-error analysis, Horn has not presented a plain-error argument for this court to review. *State v. Debose*, 2022-Ohio-837, ¶ 16 (8th Dist.) (reviewing courts will not construct a claim of plain error on a party's behalf if the party fails to argue plain error on appeal).

{¶ 26} Even considering Horn's argument, it fails because he has failed to demonstrate reversible error. Civ.R. 53(D)(3)(b) governs the procedures for objecting to a magistrate's decision. Civ.R. 53(D)(3)(b)(iii) provides that any objection challenging a factual finding "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Absent an objection to any factual finding or conclusion of law, a party cannot appeal that issue, unless the issue claims plain error. Civ.R. 53(D)(3)(b)(iv).

{¶ 27} Horn contends that because DeGennaro did not submit the trial exhibits, she did not comply with Civ.R. 53. He focuses on the phrase "transcript of all the evidence" in advancing his argument. Horn contends that the trial court was

required to accept the magistrate's findings of fact because DeGennaro failed to file the exhibits admitted at trial, and thus did not file a complete "transcript of all the evidence" as contemplated by Civ.R 53. In support of his argument, Horn cites this court's decision in *Vannucci v. Schneider*, 2017-Ohio-192 (8th Dist.). In *Vannucci*, the objecting party/appellant failed to support her objections to the magistrate's decision with a written transcript of the proceedings when one was available. *Id.* at ¶ 15-17. This court concluded that "if the objecting party fails to file a proper transcript of all relevant testimony with his or her objections, a trial court's review is necessarily limited to the magistrate's conclusions of law." *Id.* at ¶ 17, citing *In re C.L.*, 2010-Ohio-682, ¶ 8 (8th Dist.).

{¶ 28} We find that Horn's reading of the phrase "transcript of all the evidence" is done in isolation and fails to consider that the phrase modifies "relevant to that [factual] finding." Civ.R. 53(D)(3)(b)(iv). Accordingly, what factual finding the party is challenging determines what evidence may be necessary to resolve that factual challenge. *See K.K.S. v. M.M.J.*, 2024-Ohio-70, ¶ 21-22 (8th Dist.) (analyzing certain objections required consideration of the transcript and certain exhibits).

{¶ 29} This case does not present a situation where no trial evidence was presented by the objecting party. DeGennaro filed a transcript of the trial proceedings, and according to the transcript, the magistrate admitted the exhibits into the record. Accordingly, unlike in *Vannucci*, the trial court's review was not limited only to the magistrate's conclusions of law.

{¶ 30} Moreover, we find that the exhibits were part of the record when the magistrate admitted them into evidence and retained them in consideration of her decision. *See, e.g., State v. Hendrix*, 2018-Ohio-3754 (1st Dist.) (exhibits admitted at trial are part of the transcript of the proceedings).[3]

{¶ 31} In *Meros v. Protec Auto Body & Restoration LLC*, 2023-Ohio-3020 (11th Dist.), the issue before the court was whether Meros complied with Civ.R. 53 to properly challenge the magistrate's factual findings and thus preserve the record for appeal when he did not file a transcript with his objections. Meros argued that a transcript was not required to explain the exhibits that he submitted. The Eleventh District, citing to *Hendrix*, stated, "[T]he problem with appellant's assertion is that the exhibits are filed *with* and thus are part of the transcript of the proceedings." (Emphasis sic.) *Id.* at ¶ 6. Accordingly, the court found that filing the transcript, which necessarily included the exhibits admitted at trial, was a prerequisite for challenging the magistrate's factual findings.

{¶ 32} In this case, DeGennaro filed a transcript of the proceedings before the magistrate.[4] In fact, Horn relied upon the transcript when opposing her

---

[3] When the magistrate admitted and retained the exhibits, she acted as the record custodian. *See* Cuyahoga C.P., Gen.Div., Loc.R. 29(C).

[4] Typically, when a party files a transcript with the trial court, the transcript has been prepared by an official court reporter, who then obtains the exhibits from the trial court and submits them in accordance with the Ohio Revised Code, Ohio Civil Rules of Procedure, Ohio Rules of Superintendence, and Local Rules of court. *See* R.C. 2301.20 and 2301.23, Civ.R. 53, Ohio Sup.R. 11. In this case, DeGennaro's counsel's secretary prepared the transcript of the magistrate's hearing. Horn did not object to this unconventional and informal preparation; nor did the trial court reject the filing. *See In*

objections, and the trial court considered it in its review of the magistrate's decision. Our review of the transcript, which is part of our App.R. 9(A) record, reveals that the parties moved to admit their exhibits and objected to certain exhibits, offering justification for their respective positions on admissibility. On the record, the magistrate admitted Horn's exhibits as requested. Regarding DeGennaro's exhibits, the magistrate considered Horn's objections, but the transcript is silent as to the magistrate's ruling. Accordingly, which exhibits were actually deemed admitted was not determined until the magistrate issued her decision. Based on the foregoing, we find that the exhibits were part of the record that was available for the trial court to review in its consideration of the magistrate's decision and objections.

{¶ 33} Additionally, Horn has failed to demonstrate that the trial court did not consider the exhibits submitted and considered by the magistrate. Although Horn states in his appellate brief that "[n]or does the judgment entry state that the trial court reviewed any of the evidence; on the contrary; the trial court writes that that [sic] Real Estate Claims have been decided on the '[t]estimony alone,'" this statement is simply not true. Rather, the trial court expressly stated in its judgment entry, "Testimony alone may be enough to succeed on a preponderance of the evidence burden, but not a clear and convincing evidence burden." *See* Judgment

---

*re D.T.*, 2023-Ohio-2245, ¶ 37, fn. 1 (6th Dist.) (despite questioning its accuracy, the trial court accepted and considered pro se party's "transcript of trial" when ruling on objections). Because Horn did not object or raise this issue before this court, we render no opinion on the propriety of the transcript and the procedure employed by DeGennaro's counsel. *See O'Rourke*, 2018-Ohio-4031, ¶ 44 (4th Dist.) (acquiescence to a trial court's procedure may be deemed as invited error).

Entry, page 3, Docket No. 68. Indeed, the trial court stated that it carefully reviewed the "magistrate's decision, objections, transcript, and subsequent filings" and concluded "that the record did not contain clear and convincing evidence that Horn acquired title by adverse possession."

{¶ 34} Even assuming arguendo that the trial court did not review the exhibits, Horn has failed to demonstrate what information is contained in the admitted trial exhibits that is not contained in the trial court record, which includes the trial transcript and attachments to the pleadings.

{¶ 35} Finally, even if this court concluded that a party who does not submit or file the trial exhibits fails to fully comply with Civ.R. 53(D)(3)(b)(iii)'s requirement of providing "a transcript of all the evidence submitted to the magistrate," Civ.R. 53(D)(4) still requires a trial court to conduct an independent review of the magistrate's decision and determine whether the magistrate has properly determined the factual issues and appropriately applied the law. *See Ohio Environmental Protection Agency v. Lowry*, 2011-Ohio-6820, ¶ 11 (10th Dist.) ("Civ.R. 53(D) places upon the reviewing court the ultimate authority and responsibility over an appointed magistrate's findings and rulings."). This authority includes recognizing plain errors or defects on the face of the magistrate's decision. To be certain, Civ.R. 53(D)(4)(b) affords the trial court the authority, whether or not objections are even filed, to "adopt or reject a magistrate's decision in whole or in part, with or without modifications."

{¶ 36} Based on the foregoing, we find that Horn forfeited his argument on appeal, but even if properly preserved, the exhibits were available to the trial court for consideration. Accordingly, we overrule Horn's first assignment of error.

## C. Ruling on the Objections to the Magistrate's Decision

{¶ 37} In his second assignment of error, Horn contends that the trial court erred in rejecting the magistrate's decision when it never ruled on the objections, i.e., that the trial court did not specifically "overrule" or "sustain" any specific objection. Accordingly, he contends that failing to rule on each objection constituted an abuse of discretion, requiring reversal. In support, Horn relies on cases from other appellate jurisdictions that reversed a trial court's judgment that affirmed the magistrate's decision without specifically ruling on the objections. *See Smith v. Smith*, 2023-Ohio-4755 (9th Dist.), and *Georgin v. Georgin*, 2022-Ohio-1548 (12th Dist.).

{¶ 38} Those cases are immediately distinguishable because they all involve situations where the trial court adopted or affirmed the magistrate's decision without rejecting or overruling the objections filed. In that circumstance, this court has held that the trial court's failure to rule on the objections renders the order neither final nor appealable because the trial court did not comply with its duties under Civ.R. 53. *See U.S. Bank Natl. Assn. v. Bubna*, 2024-Ohio-3195 (8th Dist.) (appeal dismissed for lack of a final appealable order because the trial court, in adopting the magistrate's decision, did not address all of the raised objections to the

magistrate's decision); *see also In re B.W.*, 2011-Ohio-4513 (8th Dist.); *U.S. Bank Natl. Assn. v. Heller*, 2011-Ohio-4410 (8th Dist.).

{¶ 39} In this case, the trial court rejected the magistrate's decision in its entirety, finding that the magistrate applied the wrong legal standard in rendering her decision and thus erred in concluding that Horn satisfied his burden of proving adverse possession. Arguably, the trial court's decision effectively sustained DeGennaro's first objection, and thus rendered the other objections moot.[5] Horn has not directed this court to any case law where a reviewing court has found error when a trial court did not expressly rule on a party's objection(s) when rejecting the magistrate's decision in its entirety following its independent review as required by Civ.R. 53(D)(4).

{¶ 40} A trial court is permitted to reject the magistrate's decision in its entirety even without objections being filed. Civ.R. 53(D)(4)(b) affords the trial court the authority, whether or not objections are even filed, to "adopt or reject a magistrate's decision in whole or in part, with or without modifications," and gives the court discretion to "hear a previously-referred matter, take additional evidence, or return a matter to a magistrate." If objections are filed, Civ.R. 53(D)(4)(d) requires the trial court to rule on the objections by undertaking an independent

---

[5] DeGennaro's first objection stated, "The Magistrate erred in ruling [Horn] was the owner of the property based on adverse possession because [Horn] did not satisfy the elevated burden of proof by clear and convincing evidence for adverse possession."

review as to the objected matters to determine whether the magistrate has properly determined the factual issues and appropriately applied the law.

{¶ 41} When conducting its de novo review, "'the trial court may not defer to the magistrate because the magistrate is a subordinate officer of the trial court, not an independent officer performing a separate function.'" *In re R.C.*, 2011-Ohio-4641, ¶ 11 (8th Dist.), quoting *Knauer v. Keener*, 143 Ohio App.3d 789, 793-794, (2d Dist. 2001). Consequently, the trial court has the ultimate authority and responsibility over the magistrate's findings and rulings. *Mandzak v. Graves*, 2010-Ohio-595, ¶ 7 (12th Dist.) "As the ultimate factfinder, the trial court judge decides 'whether the [magistrate] has properly determined the factual issues and appropriately applied the law, and where the [magistrate] has failed to do so, the trial court must substitute its judgment for that of the [magistrate].'" *Gobel v. Rivers*, 2010-Ohio-4493, ¶ 16 (8th Dist.), quoting *Inman v. Inman*, 101 Ohio App.3d 115, 118 (2d Dist. 1995). This authority arises with or without objections to the magistrate's decision.

{¶ 42} In this case, the trial court rejected the magistrate's decision, finding that it was unclear on the face of the magistrate's decision whether the magistrate applied the clear and convincing standard. After applying the correct burden of proof to the facts as presented in the transcript, the trial court determined that Horn had failed to establish the elements of adverse possession by clear and convincing evidence. The trial court acted within its authority pursuant to Civ.R. 53 and did not

need to expressly "rule" or "sustain" DeGennaro's objections prior to rejecting the magistrate's decision for failing to apply the correct burden of proof standard.

{¶ 43} Horn's second assignment of error is overruled.

**D. Independent Review of the Magistrate's Decision**

{¶ 44} Horn contends that the trial court erred in rejecting the magistrate's decision and entering judgment when it failed to conduct an independent inquiry into the objected matters. Horn focuses on DeGennaro's purported failure to file the trial exhibits with her objections, and thus posits that the trial court could not have conducted an independent inquiry. As we previously determined in addressing his first assignment of error, Horn's argument regarding the exhibits is not meritorious nor grounds for reversal.

{¶ 45} When ruling on a magistrate's decision, the trial court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). A reviewing court must presume that a trial court has performed an independent review of the magistrate's decision unless the appellant affirmatively demonstrates otherwise. *JCASA v. Dean*, 2021-Ohio-380, ¶ 20 (8th Dist.).

{¶ 46} Horn directs this court to consider *Georgin*, 2022-Ohio-1548 (12th Dist.), wherein the Twelfth District set forth several factors to consider when determining whether the trial court has, or has not, conducted an independent review of the record as required by Civ.R. 53(D)(4)(d).

These factors include, but are not limited to, consideration of whether the trial court's decision (1) expressly states an objection to the magistrate's decision had been filed; (2) mentions or discusses the merits of the objection to the magistrate's decision; (3) explicitly rules on the objection to the magistrate's decision; and (4) states the trial court had conducted an independent review of the record and the matters that had been objected to . . . consideration of whether the trial court's decision (5) discusses the evidence contained within the record and (6) provides a legal analysis on the arguments raised within the objection to the magistrate's decision. . . . (7) held a hearing on the objection to the magistrate's decision, and whether the trial court's decision (8) references any specific portion of the transcript, or any specific exhibit admitted into evidence, when ruling on the objection to the magistrate's decision.

*Id*. at ¶ 13.

{¶ 47} Considering these factors as requested, we find that the trial necessarily conducted an independent review of the magistrate's decision because the decision (1) noted that objections were filed, (2) rejected the magistrate's decision in its entirety based on a misapplication of the law, (3) supported its reasoning with references to the testimony presented at trial, and (4) applied relevant case law. Moreover, we find that absent a showing otherwise by Horn, the transcript provided the trial court with all of the necessary testimony to conduct its independent review. Because Horn has not challenged the weight of the evidence or that the trial court misapplied the evidence under the clear and convincing standard, this court offers no opinion on the merits of the trial court's judgment. Accordingly, Horn's third assignment of error is overruled.

## VI. Conclusion

{¶ 48} Based on the foregoing, this court finds that the trial court complied with Civ.R. 53. The record reveals that the trial court conducted an independent

review of the record prior to rejecting the magistrate's decision and entering judgment in favor of DeGennaro.

{¶ 49} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
EMANUELLA D. GROVES, J., CONCUR